## Weekly Abstract of PENDING CASES

---

No. 224

MARGINEAN et v. SUPPLY CO.

No. 18854. Supreme Court

Motion to direct Trumbull Appeals to certify. Dock. Dec. 9, 1924, 2 Abs. 770. Motion overruled, 3 Abs. 98.

755. MECHANICS' LIENS—Does person furnishing material directly to owner come under head of contractor, making it necessary for him to file with the owner, a preliminary affidavit as required by statute, before affidavit effecting lien is filed?

Alex Marginean was the owner of real estate. He made an oral contract with one Stillwagon, president of the Storage Transfer & Supply Co. for material to be used in the construction thereon of a two story brick building. Material was furnished until Jan. 1919. In March, 1919, the Supply Co. filed an affidavit attempting to effect a lien upon the premises of Marginean for $1,882. Marginean claimed that the Company did not file with him a preliminary affidavit as required by 8312 GC., applying to contractors.

The Company contended that it was no contractor, merely a material man. Marginean claims that the Company was a contractor as evidenced by its action. The Trumbull Common Pleas rendered a judgment in favor of the Supply Company and held the lien was valid. On prosecution of error, the Court of Appeals held that the lien was invalid. Upon a rehearing the same court held:

1. That the Storage Transfer & Supply Co. was a material man, only, furnishing building material purchased by the owner for use in the building erected on the premises described in the petition, and as such material man, was not required under 8312 GC. to furnish the preliminary affidavit therein required of contractors and sub-contractors.

2. The Supply Co. had done all things necessary to perfect its mechanics' lien.

3. The said lien is valid and subsisting against the property. One question is presented to the Supreme Court:

Does the dealer in building supplies, there being no intervening contractor, sub-contractor or material man, become as to the owner, a contractor?

Attorneys—Paul Kightlinger and Jay Buchwalter, Warren, for Marginean; R. H. Patchin, Warren, for Supply Co.

---

No. 225

McCULLOUGH et v. OTT et

No. 18929. Supreme Court.

On motion to direct Hamilton Appeals to certify. Dock. Jan. 30, 1925. 3 Abs. 82.

257. COMMISSIONS—Are they due when contract of sale has been entered into, and payment on purchase price made, but vendor refuses to perform?

Charles McCullough on behalf of himself and as next friend of Joseph Bien a minor, began the original action in the Municipal Court of Cincinnati against Emma and Rudolph Ott. McCullough and Bien procured a purchaser for a house owned by the Otts. The price was $12,500 and the agents were to receive $500. The contract of sale was entered into and signed by the wife in the presence of the husband, and he passed upon it favorably. A deposit of $200 an account of the purchase price was accepted. The Otts refused to convey.

The Municipal Court dismissed the action holding the sale was not completed and therefore commissions were not due. Error was prosecuted to the Hamilton Common Pleas, where the decision was reversed; the court holding that it was fraud upon the purchaser to permit the Otts to refuse to carry out the contract. Thereupon Otts prosecuted error to the Court of Appeals where the decision of the Common Pleas was reversed, because the contract of sale was not valid, no sale having been completed and no commission earned. The case of Pfanz v. Humburg 82 OS 1, was cited in all three courts as authority.

Attorneys—Wm. C Busch & W. W. Symmes for McCullough; Schorr and Wesselman for Otts; all of Cincinnati.